## AS TO AGREEMENTS TO FORBEAR SUIT.

Circuit Court of Lucas County.

WILLIAM A. LEFLET v. O. A. BROWNING.

Decided, June 12, 1909.

*Limitation of Actions—Effect of an Agreement to Forbear Suit on a Condition Named—Positive Evidence Required as to Existence of Such an Agreement—Failure of Consideration.*

Evidence of some conversation between the parties to the effect that if they could not settle their differences they would arbitrate, does not constitute evidence of a positive agreement to forbear suit on a condition named, and does not preserve the claim against the running of the statute of limitations.

*J. Y. Todd,* for plaintiff in error.
*Mulholland & Hartman,* contra.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

The common pleas court withdrew from the consideration of the jury all claims in the answer and cross-petition except the failure of a part of the consideration of one of the notes sued on, for the reason that the claims were shown by the evidence to be barred by the statute of limitations. Leflet claimed in his cross-petition that there was an agreement between him and Browning that he should not bring suit, and that Browning would waive the statute of limitations, and hence the running of the statute was thereby suspended. The allegations of the cross-petition are carefully drawn and present this issue, but a careful reading of the record fails to disclose any evidence to sustain the allegations in this regard.

A positive agreement to forbear suit on a condition named made before the statute has barred the claim, would no doubt preserve the claim against the statute, but nothing short of such an agreement will do so. Mere negotiating or general talk between the parties to the effect that if they can not themselves settle their differences, then they will arbitrate, is not sufficient. In some states it has been held that where the statute requires a new promise or acknowledgment to be in writing in order to sustain an action on a barred claim, a promise to forbear suit if the statute is waived, will not be sufficient to suspend the running of the statute unless the latter promise be in writing. The Supreme Court of Maine has so held, and insists that to hold otherwise is to furnish an easy method of avoiding the provisions of law as to the new promise or acknowledgment being in writing.

But we do not find it necessary to pass on this point in the case. We have read this record with care, and in our opinion there is no evidence in the record tending to show that any agreement to forbear suit by Leflet in case Browning would waive the statute of limitations was ever made. We think the evidence clearly showed that the running of the statute was never suspended, and that the trial judge was correct in his ruling in this respect. He is fully sustained by the authorities in the conclusion reached. We find no prejudicial error in the record and the judgment of the court of common pleas will be affirmed.